GLASER'S ELEVATOR & LUMBER COMPANY v PERRY

Opinion of the Court

1. Corporations—Annual Report—Corporate Debts—Liability of Corporate Officers—Statutes.

The failure of a corporation to file an annual report results in suspension of its corporate powers and any officer of the corporation so in default who has neglected or refused to join in making the report is liable for all debts of the corporation contracted during the period of neglect or refusal (MCLA 450.87).

2. Corporations—Corporate Debts—Liability of Corporate Officers—Annual Report—Statutes—Court Rules.

A defendant who was revealed to be an officer in a corporation by the pretrial discovery failed to state a valid defense to a claim of debt asserted against him when he alleged that any obligation due to plaintiff was that of the corporate entity and that he was not liable individually where the corporation had not filed its annual report for the year in which the debts were incurred (MCLA 450.87; GCR 1963, 117.2[2]).

Dissent by Adams, J.

3. Corporations—Corporate Debts—Liability of Corporate Officers—Question for Jury.

*An issue as to whether a defendant was acting in an individual capacity or as an agent for a corporation was contested in an action to enforce a debt where the defendant had stated that a corporate bank account was opened and that all stationery, checks, letterheads, and advertising of the business carried the corporate name, all payments were made by checks of the corporation, and all labor and supplies were ordered in the corporate name; therefore, the issue of corporate versus individ-*

References for Points in Headnotes

[1, 2] 18 Am Jur 2d, Corporations § 174.

 19 Am Jur 2d, Corporations §§ 1369, 1613, 1614, 1622, 1624.

[3–5] 19 Am Jur 2d, Corporations §§ 1354, 1365–1369, 1372, 1374.

*ual activity should have been resolved upon trial and not by a motion for summary judgment on the ground that there was no genuine issue as to any material fact (GCR 1963, 117.2[3]).*

4. CORPORATIONS—ANNUAL REPORT—CORPORATE DEBTS—LIABILITY OF CORPORATE OFFICERS—FILING DATE—STATUTES.

*A defendant corporate officer would not be personally liable for corporate debts because of the failure of the corporation to file an annual report where the debts arose from the purchase of materials by the corporation from a plaintiff during a period in which the corporation was in good standing and prior to the date upon which the annual report was required to be filed · (MCLA 450.82, 450.87).*

5. CORPORATIONS—ANNUAL REPORT—CORPORATE DEBTS—LIABILITY OF CORPORATE OFFICERS—LIMITATION OF ACTIONS—STATUTES.

*The possible personal liability of a corporate officer for corporate debts because of a failure by the corporation to file an annual report is limited by the relevant statute of limitations to a period of two years (MCLA 450.87, 450.90).*

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 April 9, 1973, at Lansing. (Docket No. 13485.) Decided September 26, 1973.

Complaint by Glaser's Elevator & Lumber Company against Kenneth Perry for money due under a contract. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Pelavin & Pelavin, P. C.* (by *Edward H. Powers*), for plaintiff.

*Robert M. Crites,* for defendant.

Before: FITZGERALD, P. J., and J. H. GILLIS and ADAMS,* JJ.

J. H. GILLIS, J. Plaintiff, Glaser's Elevator & Lumber Company, during several months in 1967,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

supplied defendant, Kenneth Perry, a residential building contractor, with construction materials. Although defendant had been paid for completion of the building projects, plaintiff was not paid. Plaintiff brought suit, alleging the funds defendant had received were impressed with a trust pursuant to MCLA 570.151 *et seq.;* MSA 26.331 *et seq.*

Defendant alleged in his first responsive pleading that any obligation to plaintiff belonged to Ken Perry Builder, Inc., which was alleged to be a duly licensed Michigan corporation, and that he was not liable individually.

Pretrial discovery revealed defendant, during the time the debts were incurred, had filed an assumed name certificate to the effect he was doing business as "Ken Perry Builder". Also, during the time the debts were incurred, defendant was secretary, treasurer, and principal shareholder of Ken Perry Builder, Inc.

Further discovery revealed the corporation had not filed its annual report for 1967 pursuant to MCLA 450.82; MSA 21.82. Depositions and interrogatories narrowed the issues to a question of who owed the debt, not whether it was owed.

Plaintiff's motion for summary judgment was granted before trial. Defendant appeals.

We hold defendant had failed to state a valid defense to the claim asserted against him. See GCR 1963, 117.2(2). The interposition of the corporate entity as the principal debtor did not relieve defendant of personal liability on the claim. MCLA 450.87; MSA 21.87, provides that the failure of the corporation to file an annual report results in suspension of its corporate powers and that:

"Any officer * * * of such corporation so in default who has neglected or refused to join in making of such report * * * shall be liable for all debts of such corpora-

tion contracted during the period of such neglect or refusal."

Thus, whether the debt was incurred by defendant personally, or the corporate entity he sought to interpose, his personal liability was clear. Summary judgment was properly granted.

Affirmed. Costs to appellee.

FITZGERALD, P. J., concurred.

ADAMS, J. *(dissenting).* I do not agree with Judge GILLIS that defendant failed to state a valid defense to the claim asserted against him. Defendant's affirmative defense states:

"That the defendant denies any liability in this case for the reason that the defendant was at all pertinent times acting as agent for Ken Perry Builders, Inc., a duly licensed Michigan corporation, and not in an individual capacity."

This affirmative defense, tested under GCR 1963, 117.2(2), would, if proven, constitute a valid defense to the claim.

It should be further noted that plaintiff's motion for summary judgment was not brought under GCR 1963, 117.2(2) but under GCR 1963, 117.2(3). The motion was accompanied by an "Affidavit of Facts" by Edward H. Powers, attorney for plaintiff. Attached to this affidavit were various exhibits consisting of:

1) A certified copy of an assumed name certificate for use of the assumed name Ken Perry Builder, filed by Ken Perry with the county clerk of Genesee County on December 9, 1964, which certificate expired on December 9, 1969;

2) A certificate of State Treasurer Allison Green stating that Ken Perry Builder, Inc., a Michigan

corporation, was incorporated on September 27, 1965, and that the fee to apply to the 1967 corporation report was received December 12, 1967, but the report was not submitted and the charter became void May 15, 1969 under the provisions of section 91, 1931 PA 327, as amended. Reports for 1967–1970 were accepted for filing June 3, 1970, and the charter of the corporation was revived on that date;

3) A certificate of Charles E. Harmon, Director of the Department of Licensing and Regulation for the State of Michigan, that residential builders license #05763 was issued January 9, 1967 to Cyril A. Heath;[1]

4) A certificate of Charles E. Harmon, Director of the Department of Licensing and Regulation for the State of Michigan, that residential builders license #07263 was first issued on February 17, 1967, for application validated September 2, 1966, to Ken Perry Builder, Inc., with qualifying officer being Kenneth J. Perry, as a corporate residential builder, for a term that expired March 31, 1969.

The affidavit also referred to defendant's deposition, taken December 2, 1970, which deposition was never completed and terminated with an adjournment. Further reference was made to defendant's answers to certain interrogatories propounded by plaintiff.

Relative to the issue of corporate versus individual activity, defendant in his deposition states that upon incorporation of Ken Perry Builder, Inc., a corporate bank account was opened and that "every bit of stationery and checks, letterheads, all of our advertising in front of our houses, all of our signs, were all read with the incorporation on it".

---

[1] Perry had stated in answer to an interrogatory that this license was issued to him.

Plaintiff's interrogatory No. 8 reads:

"Did you ever serve written notice upon your credi-
tors generally, and the plaintiff specifically, of the incor-
poration of Ken Perry Builders, Inc.? If your answer to
this question is yes, please indicate details and attach a
copy of said written notice to your answer."

Defendant's answer to interrogatory No. 8 is as
follows:

"All payments were paid by checks from Ken Perry
Bldr., Inc. All labor and supplies ordered by Ken Perry
Bldr., Inc."

Without attempting to reproduce here all of the
material which was before the trial judge on the
motion for summary judgment (there are a num-
ber of statements by defendant in his deposition
with regard to corporate activity) it seems abun-
dantly clear to me that the issue as to whether
defendant was acting in an individual capacity or
as an agent for the corporation is contested and is
a genuine issue as to a material fact which should
be resolved upon trial and not by a motion for
summary judgment.

As to the issue of defendant's personal liability
to plaintiff, plaintiff's complaint states:

"That during the period of time from March 14, 1967,
to September 28, 1967, the defendant ordered certain
materials from your plaintiff, in connection with the
construction at the aforesaid locations, in the amount of
Eight Thousand Eight Hundred Seven Dollars and
Three ($8,807.03) Cents."

The annual report of Ken Perry Builder, Inc.,
for the year 1967 was required to be filed with the
Michigan Corporation and Securities Commission
on or before May 15, 1967. MCLA 450.82; MSA

21.82. Prior to that date, the corporation was in good standing and its officers were not liable for corporate debts as provided in MCLA 450.87; MSA 21.87. Consequently, defendant would not be personally liable to plaintiff for materials purchased from plaintiff by the corporation during the period from March 14, 1967 to May 15, 1967. Since the record in this case contains no bill of particulars listing specific dates when materials were ordered and delivered, it is possible that some of plaintiff's claim accrued during a period of fully legal corporate activity. Therefore, whether the corporation in fact ordered materials during this period and, if so, the value of said materials are questions of fact which must be resolved during trial.

Defendant's possible personal liability for corporate debts under MCLA 450.87; MSA 21.87 is limited by the relevant statute of limitations, MCLA 450.90; MSA 21.90, to a period of two years. Since plaintiff's complaint was filed on March 30, 1970, it is clear that the two-year statutory period had elapsed before suit was commenced.[2] Consequently, defendant would have a valid defense to any claim that he is personally liable for debts incurred by the corporation during its period of default.

This is another case in which there are genuine issues as to material facts which preclude the granting of summary judgment under GCR 1963, 117.2(3). I would therefore reverse the trial court and remand this case for further proceedings.

[2] This is true regardless of whether the two-year period began at the time the corporation failed to file its annual report (May 15, 1967) or at the time when materials were purchased from plaintiff (not later than September 28, 1967).